**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BARBARA HAHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-02016-MG-TWP |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Comes now Plaintiff, Barbara Hahn, by counsel, and for her Amended Complaint says:

### DECLARATORY JUDGMENT

1.      On or about June 22, 2021, Plaintiff sustained a water loss to property covered by a policy of insurance underwritten by Allstate Insurance Company under a homeowner's policy numbered 002-512-820. (Dkt. Exhibit 1).

2.      A true and accurate copy of the Policy is included as Exhibit 1.

3.      On or about June 22, 2021, the Policy covered the dwelling, contents and additional living expenses.

4.      On or about June 22, 2021, some of the covered property sustained damage from a sudden water-line or water tank rupture in the kitchen.

5.      Allstate inspected the claim and determined that the claimed damage was from a slow water leak and/or was preexisting in nature.

6.      Allstate denied coverage for all of the claimed damage because it claims that there was no damage from a sudden water-line or water tank rupture.

7.      However, there was, in fact, some damage caused by a sudden water-line or tank rupture on or about June 22, 2021 from the instant hot water dispenser under the kitchen sink.

8.      Damage from a sudden water-line or water tank rupture is covered under her All-Risk insurance policy with Allstate Insurance Company under policy number 002-512-820, which states:

Losses We Cover Under Coverages A and B:
We will cover sudden and accidental direct physical
loss to property described in Coverage A Dwelling  . . . .

(Exhibit 1, Policy, p. 20).

9.      To resolve the dispute on the amount of loss from a sudden water-line or water tank rupture, Plaintiff invoked the appraisal provision in the policy.

10.     The appraisal clause states:

Appraisal

If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire.

If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and to us, the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.

Each party will pay the appraiser it chooses, and

equally bear expenses for the umpire and all other
appraisal expenses.

(Ex. 1, p. 32-33).

11.     However, Allstate declined to appoint an appraiser because it determined that this was not a covered loss because there was no damage from a sudden water line or tank rupture. Allstate found all of the damage to be either pre-existing or from a slow water leak.

WHEREFORE, pursuant to Trial Rule 57, Plaintiff needs a determination from the Court as it pertains to the rights and obligations owed under the policy as follows:

   a.  The subject insurance policy provides coverage for damage from a sudden water-line or water tank rupture occurring on or about June 22, 2021.

   b.  A sudden water-line or water tank rupture occurred at Plaintiff's residence from the instant hot water dispenser under the kitchen sink on or about June 22, 2021, and likely caused some damage to the covered property.

   c.  Since some covered damage likely occurred, Plaintiff can invoke the appraisal provision in the insurance policy to have an appraisal panel determine the amount of the loss from that sudden water loss.

   d.  Allstate has the obligation to nominate an appraiser under its appraisal clause contained in the policy.

**BREACH OF CONTRACT**

12.     Plaintiff reincorporates all prior allegations.

13.     On or about June 22, 2021, Plaintiff's covered property sustained covered damage from a sudden water-line or water tank rupture from the instant hot water dispenser under the kitchen sink.

14.     Allstate breached its contract of insurance by denying the claim.


WHEREFORE, Barbara Hahn prays for judgment against Defendant in an amount which will fully, fairly, and adequately compensate Barbara Hahn for all damages recoverable under Indiana law for breach of contract including compensatory damages, and consequential damages, for costs of this action, for prejudgment interest, and for all other just and proper relief in the premises.

## JURY DEMAND

Comes now Plaintiff, by counsel, and demands trial by jury on all issues remaining after the appraisal process has concluded.


Respectfully submitted,


/s/William D. Beyers
William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana  46077
Telephone:  (317) 873-8396
Facsimile:  (317) 873-2276
bbeyers@bbinlaw.com


Attorneys for Plaintiff