UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD HAHN as Special Administrator of the Estate of Barbara Hahn, </br></br> Plaintiff, </br></br> v. </br></br> ALLSTATE INSURANCE COMPANY, </br></br> Defendant. | No. 1:22-cv-02016-MG-TWP |

## ORDER

Pending before the Court is Plaintiff's Motion to Order Parties to Appraisal, [Filing No. 47]. Plaintiff contends that a clause in the parties' insurance policy entitles it to submit the parties' dispute over the alleged losses to a third-party appraiser. Defendant filed a response, [Filing No. 48], and Plaintiff has submitted a reply, [Filing No. 49]. For the following reasons, the Court **DENIES** Plaintiff's Motion.

### I.
### BACKGROUND

Plaintiff's Amended Complaint alleges that on June 22, 2021, Plaintiff sustained a water loss to their property from a ruptured insta-hot water tank under their kitchen sink, and they had a policy of insurance underwritten by Defendant. [Filing No. 33; Filing No. 47 at 1-2.] After inspection, Defendant declined to appoint an appraiser because it determined that this was not a covered loss because there was no damage from a sudden water line or tank rupture, and that all damage was pre-existing or from a slow water leak.

It is undisputed that the policy covers a sudden and accidental escape of water from a ruptured water tank. As it pertains to appraisal, the policy provides as follows:

> Appraisal
>
> If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire.
>
> If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.
>
> The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and to us, the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.
>
> Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses.

[Filing No. 47-2 at 34-35.] Further, the policy does not allow for an appraisal if Defendant denies coverage for a claim.

Plaintiff now argues that Defendant is bound by its policy to conduct an appraisal. It argues that Defendant's denial of its claim is equivalent to a disagreement as to the amount of its loss. Defendant, on the other hand, argues that an appraisal is inappropriate because it has denied the claim in its entirety.

## II.
### ANALYSIS

This case is a diversity action. As such, the Court must apply the substantive law of the State of Indiana. *See Bitler Investment Venture II, LLC v. Marathon Ashland Petroleum, LLC*, 653 F.Supp.2d 895, 908 (N.D. Ind. 2009). Plaintiff is correct that Indiana courts and this District approve of appraisal when there is a dispute between causation or the amount of loss. *See Germania Fire Ins. Co. of City of N.Y. v. Warner*, 41 N.E. 969 (Ind. App. 1895); *Shifrin*

*v. Liberty Mutual Insurance*, 991 F. Supp. 2d 1022, 1038 (S.D. Ind. 2014); *Philadelphia Indemnity Ins. Co. v WE Pebble Point*, 44 F. Supp. 3d 813 (S.D. Ind. 2014).

Here, the issue is whether Defendant's denial of coverage triggers the appraisal process. The Court finds that it does not. The policy provides, "[i]f you and we fail to agree on the amount of loss, either party may make written demand for an appraisal." [Filing No. 33-1 at 32-33.]

Plaintiff cites to various case law in support of its argument; however, the cases are not analogous because this is not a case where the parties agree that Plaintiff is entitled to some recovery under the policy but disagree on the amount of loss attributable to covered damage. Based on the language of the Plaintiff's policy, appraisal is inappropriate where, like here, there is a dispute as to whether the *claim in its entirety* was denied for falling outside the scope of coverage provided by the insurance policy. There is no dispute as to the amount of covered loss at this time; Defendant simply denied coverage of Plaintiff's claim in its entirety when it determined that Plaintiff's loss, whatever the amount, was not covered under the policy because it was not caused by a sudden water line or tank rupture. Furthermore, Indiana courts have already determined that appraisal cannot be used to determine liability under an insurance policy. See *Atlas Constr. Co. v. Ind. Ins. Co.*, 309 N.E.2d 810, 813 (Ind. Ct. App. 1974).

Should the Court determine Plaintiff's claim is covered by the policy, appraisal is the logical next step, but not before. Determining coverage cannot be resolved by an appraiser and is an issue for the Court. As such, ordering the parties to appraisal at this time is inappropriate.

### III.
#### CONCLUSION

Because the policy's appraisal provision is not triggered by a denial of coverage, Plaintiff's Motion to Order Parties to Appraisal, [47], is **DENIED**.

Date: 3/7/2024

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**